# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELDRED NICHOLSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01139-LJO-GBC PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**I.**  **Screening Requirement**

Plaintiff Eldred Nicholson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed June 30, 2009. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.    Complaint Allegations

Plaintiff is in the custody of the Department of Corrections and Rehabilitation ('CDCR") and is currently housed at California State Prison, Sacramento. Plaintiff alleges that correctional officers at Corcoran set up fights for their own entertainment and Defendants Adams, R. Davis, Gadsen, and M. Mason who manage and supervise the employees, are aware that Corcoran has the "well known and publicized label ('gladiator school')."[1]  (Doc. 1, ¶¶ 13-17.)

On November 8, 2007, while housed at Corcoran State Prison, Plaintiff was approached by staff and "told to get ready for yard." (Id., ¶ 20.) Defendants E. De Landa, S. Escamilla, and A. L. Davis were responsible for searching the inmates for weapons and contraband before they entered the yard. (Id., ¶ 18.) A correctional officer conducted a strip search of Plaintiff and he went to the yard. (Id., ¶¶ 20, 21.) As Plaintiff walked into the yard, inmate Howard attacked him from behind. (Id., ¶ 22.) While Plaintiff was being attacked, Defendant Lomeli, the yard observation officer,

---

[1] It appears that a page is missing from Plaintiff's complaint.  Paragraph 12 of the complaint is followed by paragraphs 35-37.  The complaint then begins with an unnumbered paragraph followed by paragraph 14. ( Doc. 1, pp. 8-10.)

allegedly just sat and watched. (Id., ¶¶ 26, 30.)

Defendant Lomeli fired her 40 mm launcher and hit Plaintiff in the back of the head. (Id., ¶26.) Plaintiff sustained a broken jaw and was knocked unconscious from the attack. His head was split open from being hit by the shot fired by Defendant Lomeli. (Id., ¶ 27.) Plaintiff was told by medical staff that the injury to his chin was caused by a weapon that was confiscated. The weapon was never logged or documented. (Id., ¶ 28.) On November 8, 2007, Defendant Adame was the official responsible for collecting, logging, and processing all evidence. (Id., ¶ 29.)

Plaintiff alleges that inmate Howard was moved from an upper tier cell to a lower tier cell "assuring that [inmate Howard] would have access to the yard before [Plaintiff]." (Id., ¶ 24.) There were other open cells that inmate Howard could have been housed in. (Id., ¶ 25.) Plaintiff brings suit against Defendants Director of CDCR Matthew Cate, Warden Derral Adams, Capt. R. Davis, Lt. H. Q. Gadsen, Sgt. M. Mason, Correctional Officers R. Adame, E. De Landa, S. Escamilla, Lomeli, and H. L. Davis, in their individual and official capacities, for use of excessive force and cruel and unusual punishment in violation of the Eighth Amendment and due process violations. He is seeking compensatory and punitive damages. (Id., ¶¶ 39, 40.) Additionally Plaintiff states that he desires declaratory and injunctive relief, but does not state what relief he requests. (Id., ¶ 37.)

### III.  Discussion

#### A.  Eighth Amendment Claims

##### 1.  Cruel and Unusual Punishment

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Initially, Plaintiff's attempt to allege that this incident was set up for the entertainment of the guards is insufficient to state a cognizable claim. Plaintiff's statement that there were other cells available that inmate Howard could have been housed in does not state a plausible claim that the cell assignment was for the purpose of creating a prison yard fight. Iqbal, 129 S. Ct. at 1949-50.

### a. Defendants Cate, Adams, R. Davis, Gadsen, and M. Mason

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.

Additionally, government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948.

Plaintiff's allegation that Defendants were aware that Corcoran had a reputation as being a "gladiator school" fails to establish that they were aware of a substantial risk of harm to Plaintiff or acted or failed to act in response. Thomas, 611 F.3d at 1150. Plaintiff has failed to link Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights, and has failed to state a cognizable claim against Defendants Cate, Adams, R. Davis, and M. Mason.

### b. Defendants E. De Landa, S. Escamilla, and A. L. Davis

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Norwood v. Vance, 591 F.3d 1062, 1069 (9th Cir. 2010); Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect an inmate from attack by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer at

847; <u>Hearns</u>, 413 F.3d at 1040.

Plaintiff's allegations that Defendants E. De Landa, S. Escamilla, and A. L. Davis were responsible for searching inmates fails to state a cognizable claim. The allegation fails to link any Defendant to an act or failure to act in response to a known risk to Plaintiff. <u>Thomas</u>, 611 F.3d at 1150.

### c.    Defendant R. Adame

Plaintiff's allegation that Defendant Adame was responsible for collecting, logging, and processing evidence fails to state a cognizable claim. Plaintiff alleges that no weapon was booked into evidence. Even accepting Plaintiff's allegation as true, nothing suggests that Defendant Adame was aware of or failed to process any evidence.

### d.    Defendant Lomeli

Plaintiff's allegation that Defendant Lomeli stood and watched as he was attacked by inmate Howard does state a cognizable claim for failure to protect in violation of the Eighth Amendment.

## 2.    Excessive Force

The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992); <u>Whitley v. Albers</u>, 475 U.S. 312, 320 (312). While it may be that the force used by Officer Lomeli was a good-faith effort to restore discipline, at the pleading stage Plaintiff has set forth facts to state a cognizable claim for excessive force against Defendant Lomeli.

## B.    Due Process

Plaintiff states that "[t]he excessive force and cruel and unusual punishment violated [Plaintiff's] rights and constituted a due process violation under the Eighth Amendment to the United States Constitution." (Doc. 1, ¶ 36.) However, "[t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more

generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

### C.    Relief Requested

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer housed at Corcoran State Prison his request for injunctive or declaratory relief would be moot.

## IV.    Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendant Lomeli for a violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Lomeli on the Eighth Amendment claim, Plaintiff may so notify the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Lomeli.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is insufficient to state a claim.  <u>Iqbal</u>, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Lomeli; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   December 30, 2010

UNITED STATES MAGISTRATE JUDGE